In re Robert Jeffrey JOHNSON, Debtor.

Susan L. Rhiel, Trustee, Plaintiff

v.

Kathleen D. Hook, Defendant.

Bankruptcy No. 06–51887.
Adversary No. 08–02114.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 25, 2009.

128

Larry J. McClatchey, Esq. Attorney for Plaintiff.

Arnold S. White, Esq. Attorney for Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT KATHLEEN HOOK AND FOR THE IMPOSITION OF SANCTIONS**

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter involves the efforts of the Plaintiff Susan L. Rhiel ("Trustee") to depose Defendant Kathleen D. Hook ("Hook") concerning certain alleged transfers between Hook and Robert Jeffrey Johnson, Debtor in the underlying Chapter 7 bankruptcy case. Before the Court are Plaintiff's Motion to Compel the Deposition of Defendant Kathleen Hook and for the Imposition of Sanctions ("Motion to Compel") (Doc. 31), Plaintiff's Supplement thereto (Doc. 36), and the Defendant's Memorandum Contra Motion to Compel and Plaintiff's Supplement ("Memo") (Doc. 37). Because the Trustee has already tak-

en the deposition of Hook while this matter was under advisement, the Trustee's Motion to Compel Hook's deposition is now moot. However, the Court finds that Hook's failure to attend her scheduled deposition was without sufficient justification, and therefore sanctions are in order.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this District. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2).

## I. Factual Background

On December 18, 2008, Trustee filed Plaintiff's Notice of Deposition of Kathleen D. Hook ("Notice of Deposition") (Doc. 24). The Notice of Deposition stated that Trustee intended to depose Hook on January 22, 2009 at 1:00 p.m. and directed Hook to produce at that time certain documents. From the time the Notice of Deposition was served through the day preceding the scheduled deposition, Hook made no indication that any aspect of the scheduled deposition was unacceptable to her.

At approximately 10:30 a.m. the morning of January 22, 2009—just two and a half hours before the deposition was scheduled to begin—Hook sent an email to Trustee demanding that "the deposition must be limited to matters not already covered by her trial testimony." Approximately one hour later, Trustee replied that she would not "limit [her] questions in any way, regardless of [Hook's] prior testimony."

By email shortly thereafter, Hook stated her intent to file a protective order; she also indicated that she would not attend the deposition and requested that the court reporter be cancelled. This email announcing Hook's refusal to attend the deposition was sent at 11:45 a.m. on January 22, 2009—just one hour and fifteen minutes before the deposition's scheduled start time.

Later telephone conversations between Hook and the Trustee trying to work out an arrangement proved unsuccessful, and on February 12, 2009, the Trustee filed the Motion to Compel asking the Court to order Hook (1) to appear for an oral deposition, without limitation on the scope of questioning and (2) to pay costs and expenses incurred by the Trustee in compelling Hook's appearance at deposition. The Trustee has indicated to the Court that while this matter was under advisement, the Trustee made alternate arrangements to take Hook's deposition [1], thereby rendering moot Trustee's request for an order compelling the deposition. The Trustee's request for sanctions remains outstanding and will now be addressed.

## II. Discussion

Failures to cooperate in discovery, including a party's failure to appear at deposition, are governed by Federal Rule of Civil Procedure 33, made applicable to adversary proceedings by Bankruptcy Rule 7037, which provides in relevant part as follows:

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

(1) In General.

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to

---

1. The Trustee's Motion for Partial Summary Judgment (Doc. 39), Exhibit 3, indicates that the Trustee took Hook's deposition on April 24, 2009 in Fort Lauderdale, Florida.

appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

(B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d).

The Court may order sanctions if "a party ... fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). Hook has not argued that Trustee's Notice of Deposition was in any way improper. Instead Hook asserts that the deposition would have been "unproductive" and "frustrating." Hook had previously testified at the June 22, 2007 hearing on Trustee's

Motion for Turnover (Doc. 257) at which time she had been questioned by the Trustee; Hook sought to limit the scope of her January 22, 2009 deposition to matters upon which she had not already been questioned. Because the Trustee declined to so limit the scope of her questioning, Hook's counsel, "[s]ensing that one side or the other would face frustration," informed the Trustee at 11:45 a.m. that Hook would not appear at her deposition scheduled for that afternoon at 1:00 p.m. and that she intended to file a motion for protective order.

A party's failure to attend its deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." At the time of the deposition, no such motion had been filed. Hook did in fact file a Motion for Protective Order (Doc. 25) at approximately 2:30 p.m. on January 22, 2009. However, even if Hook had filed the Motion for Protective Order before the scheduled deposition start time, this would not have eliminated her obligation to attend. *See Hollar v. Myers (In re Hollar),* 184 B.R. 243, 246 (Bankr.M.D.N.C.1995). In *Hollar,* the debtors filed a motion for protective order at 4:00 p.m. the afternoon before their scheduled depositions, then failed to appear for those depositions. The court decided that the motion for protective order was "not a mitigating factor." *Id.* at 247.

The last-minute motion for a protective order did not excuse debtors from their obligation to comply with the order of the court. It is well-settled that the filing of a motion for protective order does not automatically operate to stay a deposition or other discovery. Rather, a deponent is relieved of his or her duty to appear *only* if court order is granted before the scheduled deposition. Under

the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.

*Id.* at 246 (citations and quotation omitted) (emphasis in original).

The Court concludes that neither the motion for protective order nor Hook's stated desire to avoid frustration for both parties provides sufficient justification for Hook's failure to appear at her deposition. Further, the timing of Hook's actions in this situation is of particular concern. Hook received the Trustee's Notice of Deposition on December 18, 2008 but made no inquiry into or objection to the proposed scope of questioning for over a month. It wasn't until the morning of the deposition that Hook demanded that the scope be limited, and, upon failing to secure the Trustee's consent to such restriction, elected not to appear at the deposition. Informing opposing counsel of one's intent not to attend a deposition just one hour and fifteen minutes before the deposition was scheduled to begin illustrates an utter disregard for the inconvenience caused and expense incurred by such action. Seventy-five minutes notice is wholly insufficient under the circumstances.

■ Given Hook's failure to timely raise objection to the scope of questioning so that such objection could be addressed and resolved prior to the January 22, 2009 deposition, Hook's unjustified failure to appear at the scheduled deposition, and Hook's failure to provide sufficient notice of her intent not to appear, the Court finds that Trustee is entitled to costs and expenses incurred from Hook's failure to attend the deposition. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel the Deposition of Defendant Kathleen Hook and for the Imposition of Sanctions (Doc. 31) is **GRANTED IN PART.** It is further

**ORDERED** that Trustee shall within ten (10) days from the date of entry of this Order file an itemization of those costs and expenses incurred on account of and directly attributable to Hook's failure to attend the January 22, 2009 deposition. Trustee shall also upload for the Court's consideration a proposed order granting those costs and expenses.

**IT IS SO ORDERED.**